## UNITED STATES DISTRICT COURT
## WESTERN DISTRICT OF LOUISIANA
## LAKE CHARLES DIVISION

| | |
|---|---|
| AKER KVAERNER/IHI, A TEXAS GENERAL PARTNERSHIP CONSISTING OF AKER SOLUTIONS US INC. AND IHI INC. | CIVIL ACTION NO.  2:10-cv-00278 |
| VERSUS | JUDGE MINALDI |
| NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA, AEGIS INSURANCE SERVICES, INC., ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, COMMONWEALTH INSURANCE COMPANY, ARCH SPECIALTY INSURANCE COMPANY, CERTAIN UNDERWRITERS AT LLOYD'S, LONDON, AS FOLLOWS: MILLENIUM SYNDICATE AT LLOYD'S 1221 AND LIBERTY SYNDICATE AT LLOYD'S 4472, NAVIGATORS MANAGEMENT COMPANY, INC. AND MCLARENS YOUNG INTERNATIONAL | MAGISTRATE JUDGE KAY |

### ANSWER AND DEFENSES OF
### NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA,
### ALLIANZ GLOBAL RISKS US INSURANCE COMPANY, ARCH SPECIALTY
### INSURANCE COMPANY, AND COMMONWEALTH INSURANCE COMPANY

National Union Fire Insurance Company of Pittsburgh, PA, improperly named in the

Complaint as National Union Fire Insurance Company of Louisiana (hereinafter collectively

"National Union"), Allianz Global Risks US Insurance Company (hereinafter "Allianz"), Arch

Specialty Insurance Company (hereinafter "Arch"), and Commonwealth Insurance Company

(hereinafter "Commonwealth") (hereinafter collectively "Removing Insurers") answer and

602964

respond to the Complaint filed herein by Aker Kvaerner|IHI (hereinafter "Plaintiff" or "AK|IHI")
as follows:

## FIRST DEFENSE

The Policy contains an arbitration clause which falls under the Convention on the
Recognition and Enforcement of Foreign Arbitral Awards ("New York Convention"), 9 U.S.C. §
201, *et seq.* and the Federal Arbitration Act ("FAA"), 9 U.S.C. § 1, *et seq.* The arbitration
agreement is valid, enforceable, and its scope encompasses all of the claims in AK|IHI's
Complaint. Removing Insurers have demanded arbitration of these disputes pursuant to the
Policy, and AK|IHI should be compelled to arbitrate all of its claims against Removing Insurers
because all of the claims contained in the Complaint are inextricably connected to the Policy.
Pursuant to 9 U.S.C. § 206, the Court should enter an order requiring the parties to participate in
binding arbitration in the State of New York in accordance with the parties' agreement.

## SECOND DEFENSE

The Policy contains a clear choice of law provision that New York law shall apply to
disputes arising from the Policy. Therefore, all claims based on Louisiana law, including but not
limited to, the Louisiana Revised Statutes cited in the Complaint, should be dismissed with
prejudice. Further, under New York law, a cause of action for bad faith denial of insurance
coverage, absent some underlying tort claim, is not viable. New York law does not recognize
bad faith denial of insurance coverage as an independent tort. Accordingly, because the
Complaint fails to allege a tort claim under New York law, independent of its breach of contract
claim, all bad faith claims and accompanying claims for extra-contractual damages, punitive
damages, attorneys' fees, and interest, and expenses contained in the Complaint should be
dismissed with prejudice.

602964                                                                                    2

## THIRD DEFENSE

The Complaint fails to state a claim or cause of action against Removing Insurers upon which relief can be granted. Accordingly, the Complaint should be dismissed with prejudice pursuant to Fed. R. Civ. P. 12(b)(6).

## FOURTH DEFENSE

The Complaint fails to state a claim for bad faith and/or extra-contractual damages against Removing Insurers upon which relief can be granted.

## FIFTH DEFENSE

Pursuant to Fed. R. Civ. P. 8(c), Removing Insurers specifically plead the affirmative defenses of accord and satisfaction, arbitration, failure of consideration, payment, and waiver. Removing Insurers hereby give notice that they intend to rely upon such other affirmative defenses that may become available or apparent during the course of discovery in this cause that would also defeat the claims contained in the Complaint, and reserve the right to amend their Answer and Defenses to assert such additional defenses.

## SIXTH DEFENSE

Venue should not be maintained in this district and division. This matter should be transferred to the United States District Court for the Southern District of Texas, Houston Division, where it should be consolidated with the pending action *National Union Fire Insurance Company of Pittsburgh, PA, et al. v. Aker|Kvaerner, a General Partnership,* Civil Action No. 4:10-cv-00342.

## SEVENTH DEFENSE

Removing Insurers plead and assert that AK|IHI has failed to plead any claims arising out

602964                                                                                    3

of alleged misrepresentations with the specificity and particularity required by Fed. R. Civ. P. 9(b). Accordingly, these claims should be dismissed with prejudice.

## EIGHTH DEFENSE

Without waiving any defenses, but reaffirming and re-alleging the same, and specifically reserving all benefits and advantages which may be had as a result of any errors, uncertainties, imperfections, or insufficiencies of the Complaint, Removing Insurers specifically answer the numbered and unnumbered allegations contained in the Complaint. Removing Insurers repeat the headings and subheadings of the Complaint for the purposes of organization and reference only. No response is required to the Complaint's headings, but to the extent a response is required, any allegations contained therein are expressly denied. Unless specifically admitted herein, the allegations contained in the Complaint are denied.

## INTRODUCTION

1.      Removing Insurers admit that AK|IHI seeks money damages in its Complaint for various alleged claims associated with the Construction All Risk subscription policy of insurance, including Policy No. ST-260-9712 issued by National Union according to its quota share percentage, Policy No. ATO 3006580 issued by Allianz according to its quota share percentage, Policy No. CAR0009987-00 issued by Arch according to its quota share percentage, and Policy No. NME 1128 issued by Commonwealth according to its quota share percentage (hereinafter "Policy"). Removing Insurers further admit that the Policy is a Construction All Risk Policy that covered the Cameron LNG Receiving Terminal located in Cameron Parish, Louisiana, during its construction, subject to all terms, conditions, schedules, limits, sublimits, deductibles, exclusions, memoranda, and endorsements of the Policy. Removing Insurers deny the remaining allegations contained in Paragraph 1 of the Complaint.

2.    Removing Insurers admit that they issued the Policy and that the Policy speaks for itself in all particulars, including but not limited to, all applicable provisions, conditions, terms, schedules, limits, sublimits, deductibles, exclusions, memoranda, and endorsements. Removing Insurers deny the remaining allegations contained in Paragraph 2 of the Complaint.

3.    Removing Insurers admit that Hurricane Ike caused Damage, as that term is defined in the Policy, to Insured Property, as that term is defined in the Policy, at the Project, as that term is defined in the Policy. Removing Insurers further admit that AK|IHI alleges that it incurred costs in excess of $44 million, and further admit that Removing Insurers have reserved rights and disputed coverage under the Policy with regard to a substantial portion of the alleged costs. Removing Insurers deny the remaining allegations contained in Paragraph 3 of the Complaint.

4.    Removing Insurers admit that AK|IHI purports to seek damages in its Complaint from McLarens Young International (hereinafter "McLarens") and Navigators Management Company, Inc. (hereinafter "Navigators"). Removing Insurers deny the remaining allegations contained in Paragraph 4 of the Complaint.

## PARTIES

5.    Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 5 of the Complaint.

6.    Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 6 of the Complaint.

7.    Upon information and belief, Removing Insurers admit that IHI Inc. is a Delaware corporation. Upon information and belief, Removing Insurers deny the remaining allegations

contained in Paragraph 7 of the Complaint.

8.     Upon information and belief, Removing Insurers admit that National Union Fire Insurance Company of Louisiana is a Louisiana corporation.  Removing Insurers are without sufficient information to admit or deny the remaining allegations contained in Paragraph 8 of the Complaint; therefore, denied.

9.     Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 9 of the Complaint.

10.    Upon information and belief, Removing Insurers admit that Allianz is a California corporation.  Removing Insurers deny the remaining allegations contained in Paragraph 10 of the Complaint.

11.    Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 11 of the Complaint.

12.    Upon information and belief, Removing Insurers deny the allegations contained in Paragraph 12 of the Complaint.

13.    Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 13 of the Complaint.

14.    Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 14 of the Complaint.

15.    Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 15 of the Complaint.

16.    Upon information and belief, Removing Insurers admit that National Union Fire Insurance Company of Pittsburgh, PA, Allianz Global Risks US Insurance Co., Arch Specialty Insurance Co., Commonwealth Insurance Co., Associated Electric & Gas Insurance Services

Ltd., and Navigators Management Company, Inc., as the managing general agent with full authority to act for and on behalf of Syndicate 1221 and Syndicate 4472, issued the Construction All Risk Policy, each according to its respective quota share percentage. Removing Insurers deny the remaining allegations contained in Paragraph 16 of the Complaint.

17. Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 17 of the Complaint.

18. Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 18 of the Complaint.

## JURISDICTION AND VENUE

19. This action has been properly removed to the U.S. District Court for the Western District of Louisiana, Lake Charles Division. Removing Insurers deny the remaining allegations contained in Paragraph 19 of the Complaint.

20. This action has been properly removed to the U.S. District Court for the Western District of Louisiana, Lake Charles Division. Removing Insurers deny the remaining allegations contained in Paragraph 20 of the Complaint.

## BACKGROUND

### The Project

21. Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 21 of the Complaint.

22. Upon information and belief, Removing Insurers admit the Project includes a marine terminal with two jetties and unloading facilities, three LNG storage tanks and certain other piping and equipment for regasifying LNG. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 22

of the Complaint; therefore, denied.

23.     Upon information and belief, Removing Insurers admit AK|IHI received notice to proceed on or about August 2005, and that the EPC contract with regard to the Project speaks for itself in all particulars regarding substantial and/or final completion of the Project. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 23 of the Complaint; therefore, denied.

24.     Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 24 of the Complaint.

### Hurricane Ike

25.     Upon information and belief, Removing Insurers admit that Hurricane Ike made landfall on or about September 13, 2008, and that its storm surge caused Damage, as that term is defined in the Policy, to the Project, as that term is defined in the Policy. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 25; therefore, denied.

26.     Upon information and belief, Removing Insurers admit that Hurricane Ike's storm surge covered the Project Site and nearby storage area with brackish water, and deposited certain debris on the Project Site. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 26; therefore, denied.

27.     Upon information and belief, Removing Insurers admit that damage caused by Hurricane Ike closed and/or limited access to the site for a period of time after Ike's landfall. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 27 of the Complaint; therefore, denied.

28.     Upon information and belief, Removing Insurers admit that various pipes, valves

602964                                    8

and other materials at the Project Site were submerged in brackish water following Hurricane Ike's landfall. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 28; therefore, denied.

29.     Upon information and belief, Removing Insurers admit that project clean up and remediation efforts were conducted following the landfall of Hurricane Ike. Removing Insurers are without knowledge or sufficient information to admit or deny the remaining allegations contained in Paragraph 29; therefore, denied.

30.     Upon information and belief, Removing Insurers admit that a consulting metallurgist was retained following the landfall of Hurricane Ike to evaluate submerged piping and materials. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 30; therefore, denied.

31.     Upon information and belief, Removing Insurers admit that AK|IHI performed washing of pipe spools following the landfall of Hurricane Ike. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 31; therefore, denied.

32.     Upon information and belief, Removing Insurers admit that boroscopic examination of pipe was performed by AK|IHI following the landfall of Hurricane Ike. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 32; therefore, denied.

33.     Upon information and belief, Removing Insurers admit that AK|IHI discovered pitting of pipe using x-ray, and determined that submerged pipe had to be re-fabricated. Removing Insurers are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 33; therefore, denied.

34.     Upon information and belief, Removing Insurers admit that certain valves and other materials were returned to the vendors for replacement or repair following Hurricane Ike. Removing Insurers are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 34; therefore, denied.

35.     Removing Insurers are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 35; therefore, denied.

36.     Removing Insurers are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 36; therefore, denied.

37.     Upon information and belief, Removing Insurers admit that certain insulation, cable tray and security fence were repaired and/or replaced following Hurricane Ike. Removing Reinsurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 37; therefore, denied.

38.     Upon information and belief, Removing Insurers admit that additional dredging was conducted in the marine terminal at the Project Site, and that certain silt material was deposited by Hurricane Ike. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 38; therefore, denied.

39.     Removing Insurers are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 39; therefore, denied.

40.     Upon information and belief, Removing Insurers admit that AK|IHI kept certain records related to the work performed at the Project following Hurricane Ike, and that AK|IHI claims to have incurred in excess of $44 million in connection with such work. Removing Insurers deny the remaining allegations contained in Paragraph 40, and specifically deny that there is coverage under the Policy for all amounts claimed by AK|IHI.

## Placement of the CAR Policy

41.     Upon information and belief, Removing Insurers admit the allegations contained in Paragraph 41 of the Complaint.

42.     Removing Insurers admit that an Underwriting Submission dated June 6, 2005, was circulated by the broker on behalf of Sempra Energy and that the Underwriting Submission speaks for itself in all particulars.  Removing Insurers deny the remaining allegations contained in Paragraph 42 of the Complaint.

43.     Removing Insurers admit that an Underwriting Submission dated June 6, 2005, was circulated by the broker on behalf of Sempra Energy and that the Underwriting Submission speaks for itself in all particulars.  Removing Insurers deny the remaining allegations contained in Paragraph 43 of the Complaint.

44.     Removing Insurers admit that they issued the Policy with an effective date of September 15, 2005, and an initial limit of $400 million and various sublimits, subject to each Removing Insurer's separate quota share percentage of risk.  Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 44 of the Complaint; therefore, denied.

45.     Removing Insurers deny the allegations contained in Paragraph 45 of the Complaint.

## Coverage Under the CAR Policy

46.     Removing Insurers admit the allegations contained in Paragraph 46 of the Complaint, subject to the definitions provided in the Policy for the terms "Insured Property," "Project Site," and "Damage."

602964                                   11

47.     Removing Insurers admit that the quoted language contained in Paragraph 47 of the Complaint is a portion of the Policy definition of "Insured Property." Removing Insurers deny the remaining allegations contained in Paragraph 47 of the Complaint.

48.     Removing Insurers deny the allegations contained in Paragraph 48 of the Complaint.

49.     Removing Insurers admit that the Policy contains certain coverage extensions, including those listed in Paragraph 49 of the Complaint, subject to all provisions, conditions, terms, schedules, limits, sublimits, deductibles, exclusions, memoranda, and endorsements of the Policy. Removing Insurers deny the remaining allegations contained in Paragraph 49 of the Complaint.

50.     Removing Insurers admit that Hurricane Ike and its storm surge caused physical loss, physical destruction and/or physical damage to Insured Property. Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 50 of the Complaint; therefore, denied.

51.     Removing Insurers admit that "Named Windstorm and Associated Storm Surge" and "Flood (Not the Result of Named Windstorm or Associated Storm Surge)" are covered risks under the Policy, subject to all provisions, conditions, terms, schedules, limits, sublimits, deductibles, exclusions, memoranda, and endorsements of the Policy. Removing Insurers further admit that Hurricane Ike is included within the Policy Definition of "7. Named Windstorm and Associated Storm Surge" (added to the Policy by Endorsement No. 2). Removing Insurers are without sufficient knowledge or information to admit or deny the remaining allegations contained in Paragraph 51 of the Complaint; therefore, denied.

52.     Removing Insurers deny the allegations contained in Paragraph 52 of the

602964                                                        12

Complaint.

53.     Removing Insurers admit that AK|IHI has incurred costs covered under certain Policy extensions, subject to all provisions, conditions, terms, schedules, limits, sublimits, deductibles, exclusions, memoranda, and endorsements of the Policy. Removing Insurers deny the remaining allegations contained in Paragraph 53 of the Complaint.

**Bad Faith and Breaches of Duty by Defendant-Insurers, McLarens and/or Navigators**

54.     Removing Insurers admit notice was provided of the loss caused by Hurricane Ike.  Removing Insurers deny the remaining allegations contained in Paragraph 54 of the Complaint.

55.     Removing Insurers admit McLarens was the appointed loss adjuster for the loss in question. Removing Insurers deny the remaining allegations contained in Paragraph 55 of the Complaint.

56.     Removing Insurers admit that McLarens was the appointed loss adjuster for the loss in question, and that it was to (and did) carry out a proper adjustment of the claims submitted subject to insurers' reservation of rights.  Removing Insurers deny the remaining allegations contained in Paragraph 56 of the Complaint.

57.     Removing Insurers are without sufficient knowledge or information to admit or deny the allegations contained in Paragraph 57 of the Complaint; therefore, denied.

58.     Removing Insurers admit that a McLarens loss adjuster visited the Project Site in September 2008, spoke with AK|IHI and/or Sempra Energy employees, and saw standing water and damaged pipes and equipment. Removing Insurers deny the remaining allegations contained in Paragraph 58 of the Complaint.

59.     Removing Insurers deny the allegations contained in Paragraph 59 of the

Complaint.

60.    Removing Insurers admit that the McLarens loss adjuster initially assigned to this claim left his employment with McLarens shortly after his inspection, and as a result, did not subsequently contact AK|IHI. Removing Insurers deny the remaining allegations contained in Paragraph 60 of the Complaint.

61.    Removing Insurers deny the allegations contained in Paragraph 61 of the Complaint.

62.    Removing Insurers admit that a new McLarens loss adjuster was assigned to the claim in January 2009.   Removing Insurers deny the remaining allegations contained in Paragraph 62 of the Complaint.

63.    Removing Insurers deny the allegations contained in Paragraph 63 of the Complaint.

64.    Removing Insurers deny the allegations contained in Paragraph 64 of the Complaint.

65.    Removing Insurers admit the allegations contained in Paragraph 65 of the Complaint.

66.    Removing Insurers deny the allegations contained in Paragraph 66 of the Complaint.

67.    Removing Insurers deny the allegations contained in Paragraph 67 of the Complaint.

68.    Removing Insurers deny the allegations contained in Paragraph 68 of the Complaint.

69.    Removing Insurers deny the allegations contained in Paragraph 69 of the

Complaint, including subparagraphs 1 through 5.

70.     Removing Insurers deny the allegations contained in Paragraph 70 of the Complaint, including subparagraphs 1 through 3.

71.     Removing Insurers deny the allegations contained in Paragraph 71 of the Complaint, including subparagraphs 1 through 7 .

72.     Removing Insurers deny the allegations contained in Paragraph 72 of the Complaint.

73.     Removing Insurers deny the allegations contained in Paragraph 73 of the Complaint.

74.     Removing Insurers deny the allegations contained in Paragraph 74 of the Complaint.

## COUNT I
## BREACH OF CONTRACT

75.     Removing Insurers incorporate by reference the responses and denials to all allegations contained in the foregoing paragraphs.

76.     Removing Insurers deny the allegations contained in Paragraph 76 of the Complaint.

77.     Removing Insurers deny the allegations contained in Paragraph 77 of the Complaint.

78.     Removing Insurers deny the allegations contained in Paragraph 78 of the Complaint.

## COUNT II
## DECLARATORY JUDGMENT

79.     Removing Insurers incorporate by reference the responses and denials to all

allegations contained in the foregoing paragraphs.

80.  Removing Insurers admit that an actual controversy exists between AK|IHI and the insurers subscribing to the Policy regarding the insurance coverage provided by the Policy and the rights and obligations of the parties under the Policy. Removing Insurers further admit that AK|IHI contends that all costs submitted as part of its claim are covered by the Policy. Removing Insurers deny the remaining allegations contained in Paragraph 80 of the Complaint.

81.  Removing Insurers deny the allegations contained in Paragraph 81 of the Complaint.

## COUNT III
## BAD FAITH – VIOLATION OF LOUISIANA REVISED STATUTES § 22:1892

82.  Removing Insurers incorporate by reference the responses and denials to all allegations contained in the foregoing paragraphs.

83.  Removing Insurers admit that AK|IHI and Sempra Energy have executed three separate satisfactory proofs of loss related to the Hurricane Ike claim. Removing Insurers deny the remaining allegations contained in Paragraph 83 of the Complaint.

84.  Removing Insurers admit that AK|IHI and Sempra Energy have executed three separate satisfactory proofs of loss related to the Hurricane Ike claim and that AK|IHI has provided certain documentation related to its claim. Removing Insurers deny the remaining allegations contained in Paragraph 84 of the Complaint.

85.  Removing Insurers deny the allegations contained in Paragraph 85 of the Complaint.

86.  Removing Insurers deny the allegations contained in Paragraph 86 of the Complaint.

87.  Removing Insurers deny the allegations contained in Paragraph 87 of the

602964

16

Complaint.

## COUNT IV
## BAD FAITH - VIOLATION OF LOUISIANA REVISED STATUTES § 22:1892

88.     Removing Insurers incorporate by reference the responses and denials to all allegations contained in the foregoing paragraphs.

89.     Removing Insurers deny the allegations contained in Paragraph 89 of the Complaint.

90.     Removing Insurers deny the allegations contained in Paragraph 90 of the Complaint.

91.     Removing Insurers deny the allegations contained in Paragraph 91 of the Complaint.

92.     Removing Insurers deny the allegations contained in Paragraph 92 of the Complaint.

93.     Removing Insurers deny the allegations contained in Paragraph 93 of the Complaint.

94.     Removing Insurers deny the allegations contained in Paragraph 94 of the Complaint.

95.     Removing Insurers deny the allegations contained in Paragraph 95 of the Complaint.

## COUNT V
## BREACHES OF DUTIES/MISPREPRESENTATIONS – MCLARENS

96.     Removing Insurers incorporate by reference the responses and denials to all allegations contained in the foregoing paragraphs.

97.     The allegations contained in Paragraph 97 are not directed to Removing Insurers

and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 97 of the Complaint.

98.     The allegations contained in Paragraph 98 are not directed to Removing Insurers and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 98 of the Complaint.

99.     The allegations contained in Paragraph 99 are not directed to Removing Insurers and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 99 of the Complaint.

100.    The allegations contained in Paragraph 100 are not directed to Removing Insurers and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 100 of the Complaint.

**COUNT VI**
**BREACHES OF DUTIES/MISREPRESENTATIONS – NAVIGATORS**

101.    Removing Insurers incorporate by reference the responses and denials to all allegations contained in the foregoing paragraphs.

102.    The allegations contained in Paragraph 102 are not directed to Removing Insurers and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 102 of the Complaint.

103.    The allegations contained in Paragraph 103 are not directed to Removing Insurers and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 103 of the Complaint.

104.    The allegations contained in Paragraph 104 are not directed to Removing Insurers and thus no response is required.  To the extent a response is required, Removing Insurers deny the allegations contained in Paragraph 104 of the Complaint.

602964                                      18

## JURY DEMAND

105. Removing Insurers deny the allegations contained in Paragraph 105 of the Complaint.

Removing Insurers also deny the allegations contained in the unnumbered Paragraph beginning "WHEREFORE, AK|IHI prays....," including each and every subparagraph.

## NINTH DEFENSE

Plaintiff may have failed to mitigate its alleged damages and/or losses, and consequently Plaintiff may not be entitled to any of the relief sought in the Complaint or to recover damages against Removing Insurers.

## TENTH DEFENSE

Coverage for Plaintiff's claims are barred or limited under the applicable conditions, exclusions, descriptions of coverage, definitions, limitations, or other contract terms in the Policy.

## ELEVENTH DEFENSE

Removing Insurers plead and assert all provisions, deductibles, terms, conditions, schedules, limits, sublimits, exclusions, memoranda, and endorsements of the Policy with respect to the claims asserted by AK|IHI.

## TWELFTH DEFENSE

Removing Insurers have at all material times acted in good faith.

## THIRTEENTH DEFENSE

Punitive damages cannot be justified in this case, and any award of punitive or extra-contractual damages against Removing Insurers would be a violation of the constitutional

602964                                                        19

safeguards provided to Removing Insurers under the Constitution the United States of America.

Further, under New York law, Plaintiff has no claim for punitive damages.

## FOURTEENTH DEFENSE

Any imposition of punitive damages against Removing Insurers in this case would violate the due process clauses of the Fourteenth Amendment of the United States Constitution.

## FIFTEENTH DEFENSE

Any imposition of punitive damages against Removing Insurers in this case would constitute an excessive fine in violation of the due process clause of the Fourteenth Amendment of the United States Constitution.

## SIXTEENTH DEFENSE

Any imposition of punitive damages against Removing Insurers in this case based upon wealth would violate the equal protection clause of the Fourteenth Amendment of the United States Constitution.

## SEVENTEENTH DEFENSE

Any imposition of punitive damages against Removing Insurers in this case would constitute an impairment of the obligation of contract in violation of Article 1, Section 10, Clause 1 of the United States Constitution.

## EIGHTEENTH DEFENSE

No punitive damages assessment can be imposed against Removing Insurers in the absence of clear and convincing proof of liability as required by the due process clause of the Fourteenth Amendment to the United States Constitution.

## NINETEENTH DEFENSE

To the extent that Plaintiff seeks punitive damages against Removing Insurers, Removing

Insurers invoke the standards for any award of punitive damages as set forth in *State Farm Mutual Automobile Insurance Co. v. Campbell*, 538 U.S. 408 (2003), *Cooper Industries v. Leatherman Tool Group, Inc.*, 532 U.S. 424 (2001) and *BMW v. Gore*, 514 U.S. 559 (1996). Removing Insurers assert all rights and defenses prescribed in these cases, and their progeny, including but not limited to, the right to a *de novo* review of any award of punitive damages that might be rendered against them in this matter.

## TWENTIETH DEFENSE

Removing Insurers assert that some or all of the claims made in the Complaint may be time barred by the applicable prescription periods and/or statutes of limitation.

Respectfully submitted,

ONEBANE LAW FIRM

BY:     s/Roger E. Ishee
Roger E. Ishee (LA #14397)
James D. Bayard (LA #30388)
1200 Camellia Boulevard, Suite 300 (70508)
Post Office Box 3507
Lafayette LA 70502-3507
(337) 237-2660
isheer@onebane.com
bayardj@onebane.com

ATTORNEYS FOR DEFENDANTS
NATIONAL UNION FIRE INSURANCE CO. OF
PITTSBURGH, PA (IMPROPERLY NAMED AS
NATIONAL UNION FIRE INSURANCE
COMPANY OF LOUISIANA); ASSOCIATED
ELECTRIC & GAS INSURANCE SERVICES LTD.
(IMPROPERLY NAMED AS AEGIS INSURANCE
SERVICES, INC.); ALLIANZ GLOBAL RISKS US
INSURANCE COMPANY; COMMONWEALTH
INSURANCE COMPANY; ARCH SPECIALTY
INSURANCE COMPANY; MILLENIUM SYNDICATE
1221 AND LIBERTY SYNDICATE 4472;
NAVIGATORS MANAGEMENT COMPANY, INC.; and
MCLARENS YOUNG INTERNATIONAL, INC.

## CERTIFICATE

I HEREBY CERTIFY that I electronically filed the foregoing with the Clerk of Court by using the CM/ECF system which will send notice of electronic filing to the following: Todd Ammons and Alan McCall.

I further certify that I mailed the foregoing document and the notice of electronic filing by first-class mail to the following non-CM/ECF participants:  Joseph L. Luciana, III, John Dingess and Brian Davidson.

Lafayette, Louisiana, this _26th_ day of February, 2010.

s/    Roger E. Ishee
ROGER E. ISHEE