RECEIVED
IN LAKE CHARLES, LA.

JUL - 9 2013

TONY R. MOORE, CLERK
BY

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF LOUISIANA

LAKE CHARLES DIVISION

| | | |
|---|---|---|
| AKER KVAERNER/IHI, A TEXAS GENERAL PARTNERSHIP CONSISTING OF AKER SOLUTIONS US INC. AND IHI INC. | : | DOCKET NO. 2:10CV0278 |
| VS. | : | JUDGE MINALDI |
| NATIONAL UNION FIRE INSURANCE COMPANY OF LOUISIANA, ET AL. | : | Magistrate Judge KAY |

CONSOLIDATED WITH

| | | |
|---|---|---|
| NATIONAL UNION FIRE INSURANCE COMPANY OF PITTSBURGH, PA., ET AL. | : | DOCKET NO. 2:10CV1041 |
| VS. | : | JUDGE MINALDI |
| AKER KVAERNER/IHI, A GENERAL PARTNERSHIP | : | MAGISTRATE JUDGE KAY |

MEMORANDUM RULING

Before the court is Aker Kvaerner's/IHI's ("AK/IHI") Appeal (Rec. Doc. 165) of the Magistrate Judge's March 25, 2013 Memorandum Ruling (Rec. Doc. 157) denying AK/IHI's Motion to Remand (Rec. Doc. 6), granting the Motion in Limine (Rec. Doc. 124) to Exclude the expert opinion of John W. Hinchey, Esq., and denying AK/IHI's Cross Motion In Limine (Rec. Doc. 126) to exclude the testimony of Robert M. Hall, Esq.

Standard of Review

AK/IHI seeks relief under Fed. R. Civ. P. 72(a). This rule requires a district court to affirm

a Magistrate Judge's order unless it finds any part of the order "clearly erroneous or . . . contrary to law." See Fed. R. Civ. P. 72(a). "Under this highly deferential standard, a Magistrate Judge's ruling should not be rejected merely because the court would have decided the matter differently. Instead, the decision must be affirmed unless 'on the entire evidence the Court is left with a definite and firm conviction that a mistake has been committed.'" *Arvie v. Tanner*, No. 12-1638, 2012 WL 3597127, at *1 (E.D. La. Aug. 21, 2012) (citations omitted).

## Procedural History

This action stems from a dispute concerning AK/IHI's claims for insurance coverage under a Construction All Risk policy ("CAR Policy") issued by Insurers to Sempra Energy ("Sempra") and AK/IHI as contractor. This dispute resulted in two lawsuits. AK/IHI filed its Complaint in Cameron Parish, Louisiana ("Louisiana Action"). The Insurers and MYI removed the Louisiana Action shortly after it was filed under 9 U.S.C. § 205, the Convention on the Recognition and Enforcement of Foreign Arbitral Awards ("Convention"), and 28 U.S.C. § 1332. The Insurers filed a Complaint to Compel Arbitration, Alternatively for Declaratory Judgment, in the United States District Court for the Southern District of Texas ("Southern District of Texas Action"). The Southern District of Texas Action was transferred and consolidated with the removed Louisiana Action.

Prior to the transfer order, AK/IHI moved to remand the Louisiana Action. § 205 of the Convention allows for the removal of state court actions that relate to an arbitration agreement falling under the Convention. The primary grounds alleged by AK/IHI in support of remand were (1) the Convention does not provide a basis for removal because the CAR Policy does not include a written agreement to arbitrate, and (2) lack of diversity jurisdiction. Following the submission of briefs and oral argument on these issues, the Court ordered jurisdictional discovery concerning

2

General Condition 3 to the CAR Policy ("Arbitration Clause") that Insurers alleged constituted a written agreement to arbitrate and that AK/IHI alleged constituted an appraisal clause.

After jurisdictional discovery, the parties filed additional jurisdictional briefing and the Court heard additional arguments. Magistrate Judge Kay conducted three hearings on the jurisdictional issues during the period from July 2010 to November 2011. On February 28, 2013, Magistrate Judge Kay issued the Ruling denying AK/IHI's Motion to Remand and deciding competing motions in limine dealing with expert reports. Magistrate Judge Kay determined that General Condition 3[1] "is and was meant to be an arbitration clause over which this court has subject matter jurisdiction pursuant to 9 USC § 205." See Doc. No. 157 at 18.

AK/IHI asks the Court to set aside the Ruling as clearly erroneous and contrary to law.

Discussion

Having reviewed the briefs and the arguments of the parties, this court cannot find that Magistrate Judge Kay's clearly erroneous and contrary to law. The Magistrate Judge issued a thorough and well reasoned opinion with which this court agrees.

AK/IHI argues that the Magistrate Judge's Ruling should be set aside as clearly erroneous and contrary to law for three reasons: (1) General Condition 3 is not ambiguous and is not an agreement to arbitrate; (2) the Magistrate Judge's Ruling failed to properly consider and analyze General Condition 3; and (3) even assuming *arguendo* that General Condition 3 could be construed as an arbitration clause, the Magistrate Judge's Ruling did not determine that the clause "relates to" the dispute in this case such that this Court has jurisdiction under 9 U.S.C. §205.

---

[1] The Ruling states that: "[s]ince this court finds that it has subject matter jurisdiction pursuant to 9 USC § 205, we pretermit any discussion of diversity jurisdiction ." See Doc. No. 157 at 18 n.28.

3

The Magistrate Judge found the clause ambiguous.  Applying New York law, the Magistrate Judge then determined the intent of the parties.  In reviewing the jurisdictional discovery and deposition testimony, she found that the intent was to draft an arbitration clause.  She properly considered and analyzed General Condition 3.  Her conclusion that General Condition 3 is an arbitration clause is not clearly erroneous.

This court further affirms the Magistrate Judge's ruling excluding the testimony of John W. Hinchey.  His testimony expresses impermissible legal opinions and conclusions of law.

The Magistrate Judge ruled that the testimony of Robert M. Hall is admissible.  His testimony differs from that of Mr. Hinchey in that he bases his opinion on the customs and practices of the industry.  His opinion is consistent with FRE 702 and 704 and is permissible.  The Magistrate Judge's ruling on the admissibility of these witnesses is not clearly erroneous.

Next, AK/IHI alleges that the Ruling does not include a specific finding that "the alleged agreement to arbitrate 'relates to' the coverage disputes in this lawsuit" and that this alleged absent conclusion renders Magistrate Judge Kay's finding of federal jurisdiction clearly erroneous and contrary to law. See Doc. No. 165 at 19.

Insurers removed the Louisiana Action under 9 U.S.C. § 205 , which provides, in part:

> Where the subject matter of an action or proceeding pending in a State court relates to an arbitration agreement or award falling under the Convention, the defendant or the defendants may . . . remove such action or proceeding to the district court of the United States for the district and division embracing the place where the action or proceeding is pending.

The statute requires that the subject of the state court action relate to an arbitration agreement falling under the Convention.

The Convention on the Recognition and Enforcement of Foreign Arbitral Awards provides

4

a removal right (9 U.S.C. § 205) that is substantially broader than the one found in the general removal statute (28 U.S.C. § 1441). *See Acosta v. Master Maintenance and Const. Inc.,* 452 F.3d 373, 376-77 (5th Cir.2006); *Beiser v. Weyler,* 284 F.3d 665, 674 (5th Cir.2002). In *Beiser v. Weyler,* 284 F.3d 665, 674 -675 ( 5th Cir. 2002) the court stated that the low bar that they set for jurisdiction under § 205 might seem to be in tension with the rule that the court should strictly construe statutes conferring removal jurisdiction. *See Shamrock Oil & Gas Corp. v. Sheets,* 313 U.S. 100, 109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); *Willy v. Coastal Corp.,* 855 F.2d 1160, 1164 (5th Cir.1988). The court opined that in allowing removal whenever the arbitration clause could conceivably impact the disposition of the case, it was their intent to make it easy, not hard, for defendants to remove. The court concluded that easy removal is exactly what Congress intended in § 205. *McDermott,* 944 F.2d at 1209 ("Congress made it easy for defendants in state-filed Convention cases to remove to federal court.").

The court in *Beiser* further discussed "relates to" as applied to §205. "The use of the broad phrase "relates to" indicates that Congress's intent in § 205 was to confer jurisdiction liberally. When the phrase "relates to" is used, even in areas which implicate significant federalism concerns, courts have consistently held that the phrase carries a broad connotation." *Beiser* at 675.

This low bar set by § 205 is consistent with the policy goals of the Convention. *See Scherk v. Alberto-Culver Co.,* 417 U.S. 506, 520 n. 15, 94 S.Ct. 2449, 41 L.Ed.2d 270 (1974) (noting the importance of unified standards and consistent enforcement of arbitration agreements); *McDermott Int'l, Inc. v. Lloyds Underwriters of London,* 944 F.2d 1199, 1209-11 (5th Cir.1991); Jolly dissent in *Ensco Intern., Inc. v. Certain Underwriters at Lloyd's,* 579 F.3d 442, 450 ( 5th Cir. 2009).

The arbitrability of a dispute will ordinarily be the first issue the district court decides after

5

removal under § 205. If the district court decides that the arbitration clause does not provide a

defense, and no other grounds for federal jurisdiction exist, the court must ordinarily remand the case

back to state court. *See* 28 U.S.C. § 1441(c) (granting district court discretion to remand all claims

in which state law predominates); *Parker & Parsley Petroleum Co. v. Dresser Indus.*, 972 F.2d 580,

585 (5th Cir.1992) (noting that when all federal claims are resolved early in a lawsuit and only state

law claims remain, the district court almost always should remand to the state court); *Wong v.*

*Stripling*, 881 F.2d 200, 204 (5th Cir.1989) (same); *Beiser v. Weyler*, 284 F.3d 665, 675 ( 5th Cir.

2002).

In this case, the Insurer's 's contention that the arbitration clauses under the Convention

provide a defense is justified. The clauses could conceivably impact the outcome of the case: they

therefore "relate to" the subject matter of AK/IHI's suit. Therefore this court has jurisdiction under

§ 205. The subject matter of AK/IHI's lawsuit "relates to" an arbitration agreement falling under

the Convention.  Again, the Magistrate Judge's ruling on this issue was not clearly erroneous, nor

contrary to law.

Accordingly, the Magistrate Judge's ruling is AFFIRMED IN ITS ENTIRETY.

Lake Charles, Louisiana, this __Y__ day of July, 2013.

PATRICIA MINALDI
UNITED   STATES   DISTRICT   JUDGE

6